Louis A. Coffelt, Jr.

5297 Martin Street

Mira Loma, CA 91752

Phone: (951) 790-6086

In Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ED CV 12 - 00037

| | |
|---|---|
| COFFELT, Louis, A., Jr., | Case No. _____ |
| Plaintiff, | |
| v. | COMPLAINT |
| California Department of Corrections, | VIOLATION OF CIVIL RIGHTS |
| | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff, Louis A. Coffelt, Jr., allege:

## JURISDICTION

1. Jurisdiction is conferred on this court by, and this action arises under, the fact that the injuries were incurred in county of Riverside, state of California.

2. This court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331, in that this complaint arises under Civil Rights of the Constitution of the United States of America.

## VENUE

3. Venue is proper, in that Plaintiff resides in Riverside

county; Defendant's primary place of business is in Riverside county; the claims in this complaint arose in Riverside county.

## PARTIES

4. Plaintiff's name is Louis A. Coffelt, Jr.. Plaintiff resides at: Rubidoux, CA 92509.

5. Defendant is California Department of Corrections. Defendant's primary place of business is: 1777 Atlanta Ave., Suite G3, Riverside, CA 92507.

## PRELIMINARY STATEMENT

6. The issues in this complaint arise from the unlawful, and arbitrary actions of a California Department of Corrections parole agent. For a period of more than 12(twelve) consecutive months, parole agents inherently conceded that Plaintiff is authorized to possession and access of Plaintiff's computer. Then, suddenly, and without prior notice, a parole agent imposed that Plaintiff is restricted from having possession and access of the same Plaintiff's computer. Plaintiff was not given any notice, prior to loss of Plaintiff's computer, to dispute the action to an impartial body.  e.g. Parole Board, or Judicial Panel.

7. The following facts will show that Plaintiff's 14th Amendment right to due process was violated under the Constitution of the United States of America.

## STATEMENT OF FACTS

8. Plaintiff is Louis A. Coffelt, Jr., hereinafter referred to as ("Coffelt").

9. Defendant is California Department of Corrections,

1 | hereinafter referred to as ("CDC").

2 |    10. In October, 2005, Coffelt was convicted of P.C. 288(A),
3 | lewd act on child under 14 yrs. Coffelt paroled in March,
4 | 2008. In March, 2008, CDC Parole Board imposed a condition of
5 | parole on Coffelt in that, Coffelt is to not use the internet;
6 | and Coffelt is to not have access to the internet.

7 |    11. On May 13, 2005, Coffelt purchased a Dell Dimension
8 | 2400 desktop computer, Service Tag i.d.:("5B9DJ71"),
9 | hereinafter referred to as ("Coffelt's computer").

10 |    12. Evidence of Coffelt's computer is attached as Exhibit A,
11 | Dell invoice. Coffelt is the sole owner of Coffelt's computer.
12 | Coffelt is entitled to possession of Coffelt's computer.

13 |    13. While Coffelt was on parole, between March 2008 to
14 | April 2010, Coffelt had continuous possession and access to
15 | Coffelt's computer. Between March 2008 to April 2010, Coffelt's
16 | computer was located at Coffelt's place of residence.

17 |    14. Between March 2008 to April 2010, Paorle Agent Weber
18 | was Coffelt's parole agent. Between March 2008 to April 2010,
19 | Weber made about 15 (fifteen) routine visits to Coffelt's
20 | residence. On each of these visits, Weber observed that
21 | Coffelt's computer is at Coffelt's residence.

22 |    15. Weber questioned Coffelt several times about whether
23 | Coffelt's computer is access to the internet. Coffelt's reply
24 | to Weber was the same for each inquiry in that,("Coffelt's
25 | computer does not have a modem software driver; and Coffelt's
26 | computer does not have any electronic antenna to access the
27 | internet. Therefore, Coffelt's computer is Not access to the
28 | internet").

16. For more than 12 (twelve) consecutive months, Weber was aware that Coffelt's computer was located at Coffelt's residence. Weber never violated Coffelt for Coffelt having possession of Coffelt's computer.

17. On about March 1, 2010, Coffelt was assigned to Parole Agent J. Clark. Between about March 1, 2010 to March 18, 2010, J. Clark was aware that Coffelt's computer was located at Coffelt's residence. J. Clark has never violated Coffelt for Coffelt having possession of Coffelt's computer.

18. The actions of Weber and J. Clark set forth herein show that both Weber and J. Clark have inherently conceded that Coffelt's computer is Not access to the internet.

19. On October 14, 2010, Coffelt was released from parole violation custody. Between October 14, 2010 to October 16, 2010, Coffelt's temporary residence was Motel 6, located at 6830 Valley Way, Room No. 105, Rubidoux, CA 92509. Between October 14, 2010 to October 16, 2010, Coffelt's computer was located at this Motel 6, Room No. 105.

20. For unknown reasons, on October 16, 2010, at this Motel 6, Room No. 105, J. Clark informed Coffelt that Coffelt is restricted from having possession and access of Coffelt's computer, hereinafter referred to as ("Clark's Action").

21. Clark's Action immediately imposed a particular condition of parole on Coffelt. Generally speaking, any violation of a condition of parole may result in a return to custody of a parolee. Therefore, Coffelt was required to immediately comply with Clark's Action. Therefore, on October 16, 2010, Coffelt was immediately deprived of possession and

4

1 access of Coffelt's computer. J. Clark did Not give Coffelt
2 any prior notice of Clark's Action. Coffelt did not have any
3 opportunity prior to October 16, 2010 to dispute Clark's Action
4 befor an impartial body, e.g. CDC Parole Board, or Judicial
5 Panel.
6     22. On October 16, 2010, Clark's Action occurred while
7 J. Clark was on duty and working in her official capacity as
8 parole agent for CDC. Therefore, on October 16, 2010, both
9 J. Clark and CDC are the sole and direct cause for Coffelt
10 to lose possession of Coffelt's computer.
11     23. On August 11, 2011, at 1777 Atlanta Ave., Suite G3,
12 Riverside, CA 92507, J. Clark informed Coffelt that Coffelt
13 is restricted from having possession and access of Coffelt's
14 computer.
15     24. On September 29, 2011, Coffelt submitted a written
16 petition to J. Clark to remove the particular condition of
17 parole imposed by Clark's Action. Furthermore, Coffelt informed
18 J. Clark that the particular condition of parole is unlawful
19 under People v. Mercedes Dominguez 256 CA 2.d. 623 Cal. Rptr.
20 290 and People v. Howard Leonard Lent 15 C.3d 481; 124 Cal.
21 Rptr. 905, 541 p. 2d 545. On September, 29, 2011, J. Clark
22 denied Coffelt's petition to remove this particular condition
23 of parole.
24     25. On October 21, 2011, Parole Agent Supervisor T. Baker
25 denied Coffelt's written petition to remove this particular
26 condition of parole.
27     26. On October 11, 2011, Coffelt filed a written petition
28 to CDC Appeals Coordinator to remove this particular condition

1 | of parole.

2 | 27. On October 24, 2011, Coffelt filed a Petition for Writ
3 | of Habeas Corpus in Superior Court of California, County of
4 | Riverside, Case No. RIC1117213 in the matter of this particular
5 | condition of parole. On November 2, 2011, this Petition was
6 | denied.

7 | 28. On November 14, 2011, Coffelt filed a Petition for Writ
8 | of Habeas Corpus in the Court of Appeal of the State of
9 | California, Fourth Appellate District, Division Two, Appeal
10 | No. E054940 in the matter of this particular condition of
11 | parole. On November 16, 2011, this Petition was denied.

12 | 29. On November 28, 2011, Coffelt filed a Petition for
13 | Review in the Supreme Court of the State of California, case
14 | No. 198255. On 01-04-2012 this Petition for Review was denied.

15 | FIRST CAUSE OF ACTION
16 | (VIOLATION OF CIVIL RIGHTS)

17 | 30. Plaintiff replead and reallege Paragraphs 1 through 29,
18 | inclusive, of this complaint, and they are incorporated by
19 | this reference.

20 | 31. Prior to October 16, 2010, Coffelt had possession and
21 | access of Coffelt's computer for more than 12(twelve)
22 | consecutive months.

23 | 32. Prior to October 16, 2010, for more than 12(twelve)
24 | consecutive months, parole agent Weber allowed Coffelt to have
25 | possession and access of Coffelt's computer.

26 | 33. Then, suddenly, and without any prior notice, on
27 | October 16, 2010, Clark's Action caused Coffelt to lose
28 | possession of Coffelt's computer. Coffelt was not given any

1 prior notice of Clark's Action.

2    34. In Fuentes v. Shevin, 407 US 67, 32 L Ed 2d 556, 92 S
3 Ct 1883 the court stated:

4    35. "The procedural due process right to notice and a
5 hearing before deprivation of property must be granted at a
6 time when the deprivation can still be prevented; no later
7 hearing and no damage award can undo the fact that the
8 arbitrary taking that was subject to the right of procedural
9 due process has already occurred."

10    36. Furthermore, the court stated:

11    37. "The central meaning of procedural due process is that
12 parties whose rights are to be affected are entitled to be
13 heard; and in order that they may enjoy that right, they must
14 be notified."

15    38. Furthermore, the court stated:

16    39. "With regard to the applicability of the due process
17 requirement of a hearing prior to deprivation of property to
18 a state's prejudgement replivin statutes authorizing summary
19 seizure of goods, it is immaterial that the deprivation of the
20 property upon replevin may be only temporary in view of the
21 possessor's statutory right to post a recovery bond within 3
22 days after seizure. ... A temporary, non-final deprivation of
23 property is a "deprivation" in the terms of the Fourteenth
24 Amendment."

25    40. The precedence set forth herein in paragraph 35 and 37,
26 inclusive, is pertinent to this case in that, Coffelt was Not
27 given any notice prior to Clark's Action.

28    41. The precedence set forth herein in paragraph 39,

inclusive, is pertinent to this case in that, while Coffelt may regain possession of Coffelt's computer after completion of parole, a temporary, non-final deprivation is "deprivation" in the terms of the Fourteenth Amendment.

42. Furthermore, in Fuentes v. Shevin, the court stated:

43. "Outright seizure of property is not the only kind of deprivation that must be preceded by a prior hearing required under due process."

44. The precedence set forth herein in paragraph 43, inclusive, is pertinent to this case in that, CDC did not outright seize Coffelt's computer. However, CDC did cause Coffelt to lose possession of Coffelt's computer.

45. For the reasons set forth herein, it is clear that J. Clark and CDC have violated Coffelt's Civil Right to due process under the Fourteenth Amendment of the Constitution of the United States of America. Both J. Clark and CDC caused Coffelt to lose possession of Coffelt's computer without due process under the Fourteenth Amendment of the Constitution of the United States of America.

46. WHEREFORE, Coffelt requests that:

47. (a.) The court order CDC to remove the condition of parole, which restricts possession and access of Coffelt's computer.

48. (b.) The court order CDC to authorize Coffelt to have possession and access of any computer, which does Not have any modem software driver; and does Not have any electronic antenna to access the internet.

49. (c.) The court order any such other and further relief

as is just and proper.

DEMAND FOR JURY TRIAL

50. Coffelt hereby respectfully requests a jury trial on all issues raised in this complaint.

\* \* \* \* \*

Date: January 7, 2012

Respectfully submitted,

Louis A. Coffelt, Jr.

Plaintiff

In Pro Per

EXHIBIT A

| | | Invoice Number: | E60992044 |
|---|---|---|---|
| | | Invoice Date: | 05/13/05 |
| | | Payment Terms: | VISA |
| | | Shipped Via: | UPS COMMERCIAL |
| | | Waybill Number: | E76A6442854044 |

| | Customer Number: | 57342483 |
|---|---|---|
| | Purchase Order: | |
| | Order Number: | 383632298 |
| | Order Date: | 05/10/05 |
| | | 19 01 V 01 01 N |

FID Number: 74-2616805
Sales Rep: ISAIAS DEL CID
For Sales: (800) 474 - 3355
Sales Fax:
Customer Service: (800) 624 - 9897
Technical support: (800) 624 - 9896
Dell Online: www.dell.com

SOLD TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

SHIP TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

| Ordered | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|---|
| 1 | 1 | 221-3165 | Dimension 2400 Series,Intel Celeron Processor at 2.4GHz | EA | 487.00 | 487.00 |
| 1 | 1 | 311-5010 | 256MB DDR SDRAM at 400MHz | EA | | |
| 1 | 1 | 310-1582 | Dell Quiet Key Keyboard | EA | | |
| 1 | 1 | 310-1871 | Dell 2-button Scroll Mouse | EA | | |
| 1 | 1 | 320-4600 | 17IN(16.0IN VIS)E773c Monitor, Midnight Grey,Dimension | EA | | |
| 1 | 1 | 430-3900 | Integrated Intel 3D AGP Graphics | EA | | |
| 1 | 1 | 340-3274 | 80GB 7200 RPM Ultra ATA Hard Drive | EA | | |
| 1 | 1 | 340-8688 | No Floppy Drive Requested | EA | | |
| 1 | 1 | 412-0721 | Dimension Dell Support | EA | | |
| 1 | 1 | 412-0688 | Image Restore | EA | | |
| 1 | 1 | 420-4834 | Microsoft Windows XP Home Edition, Service Pack 2,English | EA | | |
| 1 | 1 | 420-4927 | Windows Media Player 10 | EA | | |
| 1 | 1 | 463-2282 | Dell Owners Manual installed on your system,click on icon after system set-up to access | EA | | |
| 1 | 1 | 310-5678 | Mouse included with Keyboard purchase | EA | | |
| 1 | 1 | 430-0441 | Integrated 10/100 Ethernet | EA | | |

| | | | | | | 497.04 |
| | | | | | | 10.0 |
| | | | | | | 497.0 |
| | | | | | | 38.5 |
| | | | | | | 8.0 |
| | | | | | | 43.5 |
| | | | | | | 543.5 |

FOR SHIPMENTS TO CALIFORNIA, A STATE ENVIRONMENTAL FEE UP TO $10 PER ITEM WILL BE ADDED TO INVOICES FOR ALL ORDERS CONTAINING A DISPLAY GREATER THAN 4 INCHES.DELL CATALOG SALES AND GLOBAL PRODUCTS COLLECT TAX:CA,FL,ID,IL,KY,MI,MN,MO,NC,NJ,NV,OH,OK,PA,TN,TX,VA,WA&WI. ADDTL STATES APPLY ONLY TO 3RD PRTY SVC CONTRACTS. BUYER:RESPONSIBLE FOR REMIT ADDTL TAX TO TAX AUTHORITIES.

This is your ACKNOWLEDGEMENT

| | |
|---|---|
| FID Number: | 74-2616805 |
| Sales Rep: | ISAIAS DEL CID |
| For Sales: | (800) 474 - 3355 |
| Sales Fax: | |
| Customer Service: | (800) 624 - 9897 |
| Technical support: | (800) 624 - 9896 |
| Dell Online: | www.dell.com |

| | |
|---|---|
| Customer Number: | 57342483 |
| Purchase Order: | |
| Order Number: | 383632298 |
| Order Date: | 05/10/06 |
| | 19 01 V 01 01 N |

| | |
|---|---|
| Invoice Number: | E60692044 |
| Invoice Date: | 05/13/05 |
| Payment Terms: | VISA |
| Shipped Via: | UPS COMMERCIAL |
| Waybill Number: | E76A6442854440446 |

SOLD TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

SHIP TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

| Ordered | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|---|
| 1 | 1 | 463-3781 | 56K PCI Data Fax Modem | EA | | |
| 1 | 1 | 412-0705 | Adobe Acrobat Reader 6.0 | EA | | |
| 1 | 1 | 463-5005 | 48X Max CD-RW Drive | EA | | |
| 1 | 1 | 462-7836 | Info,48X CDRW | EA | | |
| 1 | 1 | 313-0847 | Integrated ADI 1885 Audio | EA | | |
| 1 | 1 | 313-2198 | No Speaker Requested | EA | | |
| 1 | 1 | 412-0801 | No Security Subscription | EA | | |
| 1 | 1 | 412-0741 | Music Match 9.0 Basic 7 day OnDemand | EA | | |
| 1 | 1 | 412-0744 | Paint Shop Photo Album 5.1 Standard | EA | | |
| 1 | 1 | 412-0585 | AOL DHS | EA | | |
| 1 | 1 | 412-0625 | Dell/My Way Home Page | EA | | |
| 1 | 1 | 420-3224 | Broadband Icon for Inspiron | EA | | |
| 1 | 1 | 412-0687 | NETZERO ISP | EA | | |
| 1 | 1 | 412-0449 | Microsoft Office 2003 Basic Edition,Dimension,DHS | EA | | |
| 1 | 1 | 900-3961 | *No Warranty After 90 Days | EA | | |

11

This is your ACKNOWLEDGEMENT

| | | | | |
|---|---|---|---|---|
| FID Number: | 74-2616805 | Customer Number: | 57342483 | Invoice Number: E60992044 |
| Sales Rep: | ISAIAS DEL CID | Purchase Order: | | |
| For Sales: | (800) 474 - 3355 | Order Number: | 383632298 | Invoice Date: 05/13/05 |
| Sales Fax: | | Order Date: | 05/10/05 | Payment Terms: VISA |
| Customer Service: | (800) 624 - 9897 | | | Shipped Via: UPS COMMERCIAL |
| Technical support: | (800) 624 - 9896 | | 19 01 V 01 01 N | Waybill Number: E76A6442854440446 |
| Dell Online: | www.dell.com | | | |

SOLD TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

SHIP TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

| Ordered | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|---|
| 1 | 1 | 902-7990 | *Type 3 - Third Party At Home Service, 24x7 Technical Support, 90 Days | EA | - | - |
| 1 | 1 | 412-0360 | Soft Contracts - Bandiec | EA | - | - |
| 1 | 1 | 960-6480 | *Technical Support, 90 Days | EA | - | - |
| 1 | 1 | 463-5374 | Thank you for choosing Dell | EA | - | - |
| 1 | 1 | 412-0749 | Dell Media Experience 3.0 Basic | EA | - | - |
| 1 | 1 | 420-5139 | Quickbooks 2005 Special Simple Start Edition | EA | - | - |
| | | System Service Tags | 589DJ71 DISCOUNT/COUPON APPLIED | | | |

12

This is your ACKNOWLEDGEMENT

| | | |
|---|---|---|
| ID Number: 74-2616805 | Customer Number: 57342433 | Invoice Number: XCJX7RJR9 |
| Sales Rep: L SINGH | Purchase Order: | |
| For Sales: (800) 915 - 3355 | Order Number: 2097794670 | Invoice Date: 03/20/08 |
| Sales Fax: (00) - | Order Date: 03/20/08 | Payment Terms: MASTER CARD |
| ir Service: (800) 624 - 9897 | | Shipped Via: LTL |
| al Support: (800) 624 - 9896 | 19 01 M 01 01 N | Waybill Number: 50791203562 |
| Dell Online: www.dell.com | | |

SOLD TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

SHIP TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

| Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| 1 | A0243035 | 80 GB 7200 RPM Caviar WD800BB EIDE Internal Hard Drive. | EA | 49.99 | 49.99 |

13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

COFFELT, Louis, A., Jr.,  )
Plaintiff,                 )     ED CV 12 - 00037 RGK
                           )
       v.                  )     Civil Action,
                           )     Case No. _____ (MRW)
California Department      )
of Corrections,            )
Defendant.                 )
_____)

SUMMONS IN A CIVIL ACTION

TO: Attorney for Defendant: Office of the State Attorney
    General, P.O. Box 85266, San Diego, CA 92186-5266

A lawsuit has been filed against Defendant.

Within 21 days after service of this summons on you (not counting the day you received it)-- or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3)-- you must serve on the Plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the Plaintiff, whose name and address are:

Louis A. Coffelt, Jr.
5297 Martin Street
Mira Loma, CA 91752

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI
CLERK OF COURT

Date: 1-18-12

MARGO MEAD
_____
Signature of Clerk or Deputy Clerk

FOR OFFICE USE ONLY