Louis A. Coffelt, Jr.

5297 Martin Street

Mira Loma, CA 91752

Phone: (951) 790-6086

In Pro Per

FILED
CLERK, U.S. DISTRICT COURT

FEB 15 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LODGED

2012 FEB 15 AM 10: 12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDCV 12-37   RGK (MRW)

COFFELT, Louis, A., Jr.,        )
                                )   Case No.:_____
              Plaintiff,        )
                                )   Second Amended
         v.                     )   COMPLAINT
                                )
J. Clark, and                   )   VIOLATION OF CIVIL RIGHTS
                                )
T. Baker,                       )
                                )
              Defendants.       )   DEMAND FOR JURY TRIAL
_____)

Plaintiff, Louis A. Coffelt, Jr., allege:

JURISDICTION

1. Jurisdiction is conferred on this Court by, and this

action arises under, the fact that the injuries were incurred

in county of Riverside, state of California.

2. This Court has subject matter jurisdiction pursuant to

28 U.S.C.A. § 1331, in that this complaint arises under Civil

Rights of the Constitution of the United States of America.

VENUE

3. Venue is proper, in that Plaintiff resides in Riverside

1
(Complaint)

1  county; Defendant, J. Clark's primary place of business is in

2  Riverside county; Defendant, T. Baker's primary place of

3  business is in Riverside county; the claims in this complaint

4  arose in Riverside county.

5                              PARTIES

6      4. Plaintiff's name is Louis A. Coffelt, Jr.. Plaintiff

7  resides at: 1195 W. Spring St., # C, Riverside, CA 92507.

8      5. A first Defendant's name is J. Clark. Residence address

9  unknown. J. Clark's primary place of business is 1777 Atlanta

10  Ave., Suite G3, Riverside, CA 92507. J. Clark is a Parole

11  Agent for California Department of Corrections.

12      6. A second Defendant's name is T. Baker. Residence address

13  unknown. T. Baker's primary place of business is 1777 Atlanta

14  Ave., Suite G3, Riverside, CA 92507. T. Baker is a Parole

15  Agent for California Department of Corrections.

16                      PRELIMINARY STATEMENT

17      7. The issues in this complaint arise from the unlawful,

18  and arbitrary actions of two California Department of

19  Corrections parole agents. For a period of more than 12(twelve)

20  consecutive months, parole agents inherently conceded that

21  Plaintiff is authorized to possession and access of Plaintiff's

22  computer. Then, suddenly, and without prior notice, a parole

23  agent imposed that Plaintiff is restricted from having

24  possession and access of the same Plaintiff's computer.

25  Plaintiff was not given any notice, prior to loss of

26  Plaintiff's computer, to dispute the action to an impartial

27  body. e.g. Parole Board, or Judicial Panel.

28      8. Furthermore, the parole agent's supervisor was

1  explicitly apprised, or should have been apprised that the

2  parole agent imposed this restriction.

3      9. Furthermore, the parole agent's supervisor subsequently

4  explicitly ratified this restriction.

5      10. The following facts will show that the parole agent,

6  and the parole agent's supervisor violated Plaintiff's Civil

7  Right to due process, under the Constitution of the United

8  States of America.

9                    STATEMENT OF FACTS

10     11. Plaintiff is Louis A. Coffelt, Jr., hereinafter

11  referred to as ("Coffelt").

12     12. In October, 2005, Coffelt was convicted of P.C. 288(A),

13  lewd act on child under 14 yrs. Coffelt paroled in March,

14  2008. In March, 2008, California Department of Corrections

15  ("CDC") Parole Board imposed a condition of parole on Coffelt

16  in that, Coffelt is to not use the internet; and Coffelt is

17  to not have access to the internet.

18     13. On May 13, 2005, Coffelt purchased a Dell Dimension

19  2400 desktop computer, Service Tag i.d.:("5B9DJ71"),

20  hereinafter referred to as ("Coffelt's computer").

21     14. Evidence of Coffelt's computer is attached as Exhibit A,

22  Dell invoice. Coffelt is the sole owner of Coffelt's computer.

23  Coffelt is entitled to possession of Coffelt's computer.

24     15. While Coffelt was on parole, between March 2008 to

25  April 2010, Coffelt had continuous possession and access to

26  Coffelt's computer. Between March 2008 to April 2010, Coffelt's

27  computer was located at Coffelt's place of residence.

28     16. Between March 2008 to April 2010, parole agent Weber

                              3
                        (Complaint)

1  was Coffelt's parole agent. Between March 2008 to April 2010,
2  Weber made about 15(fifteen) routine visits to Coffelt's
3  residence. On each of these visits, Weber observed that
4  Coffelt's computer is at Coffelt's residence.

5     17. Weber questioned Coffelt several times about whether
6  Coffelt's computer is access to the internet. Coffelt's reply
7  to Weber was the same for each inquiry in that, ("Coffelt's
8  computer does not have a modem software driver; and Coffelt's
9  computer does not have any electronic antenna to access the
10 internet. Therefore, Coffelt's computer is Not access to the
11 internet").

12    18. For more than 12(twelve) consecutive months, Weber was
13 aware that Coffelt's computer was located at Coffelt's
14 residence. Weber never violated Coffelt for Coffelt having
15 possession of Coffelt's computer.

16    19. On about March 1, 2010, Coffelt was assigned to Parole
17 Agent J. Clark. Between about March 1, 2010 to March 18, 2010,
18 J. Clark was aware that Coffelt's computer was located at
19 Coffelt's residence. J. Clark has never violated Coffelt for
20 Coffelt having possession of Coffelt's computer.

21    20. The actions of Weber and J. Clark set forth herein
22 show that both Weber and J. Clark have inherently conceded
23 that Coffelt's computer is Not access to the internet.

24    21. On October 14, 2010, Coffelt was released from parole
25 violation custody. Between October 14, 2010 to October 16,
26 2010, Coffelt's temporary residence was Motel 6, located at
27 6830 Valley Way, Room No. 105, Rubidoux, CA 92509. Between
28 October 14, 2010 to October 16, 2010, Coffelt's computer was

(Complaint)

1  located at this Motel 6, Room No. 105.

2      22. For unknown reasons, on October 16, 2010, at this Motel

3  6, Room No. 105, J. Clark informed Coffelt that Coffelt is

4  restricted from having possession and access of Coffelt's

5  computer, hereinafter referred to as ("Clark's Action").

6      23. Clark's Action immediately imposed a particular

7  condition of parole on Coffelt. Generally speaking, any

8  violation of a condition of parole may result in a return

9  to custody of a parolee. Therefore, Coffelt was required to

10  immediately comply with Clark's Action. Therefore, on October

11  16, 2010, Coffelt was immediately deprived of possession and

12  access of Coffelt's computer. J. Clark did Not give Coffelt

13  any prior notice of Clark's Action. Coffelt did Not have any

14  opportunity prior to October 16, 2010 to dispute Clark's Action

15  before an impartial body, e.g. CDC Parole Board, or Judicial

16  Panel.

17      24. On October 16, 2010, Clark's Action occurred while

18  J. Clark was on duty and working in her official capacity as

19  parole agent for CDC. However, Coffelt is not apprised of any

20  evidence showing  that J. Clark was compelled to execute

21  Clark's Action under any supervisor's order. Therefore, Coffelt

22  believes that while J. Clark was working in her Official

23  Capacity as parole agent, J. Clark also executed Clark's Action

24  in J. Clark's individual capacity.

25      25. On August 11, 2011, at 1777 Atlanta Ave., Suite G3,

26  Riverside, CA 92507, J. Clark informed Coffelt that Coffelt

27  is restricted from having possession and access of Coffelt's

28  computer.

26. On September 29, 2011, Coffelt submitted a written petition to J. Clark to remove the particular condition of parole imposed by Clark's Action. Furthermore, Coffelt informed J. Clark that the particular condition of parole is unlawful under People v. Mercedes Dominguez 256 CA 2d. 623 Cal. Rptr. 290, and People v. Howard Leonard Lent 15 C.3d 481; 124 Cal. Rptr. 905, 541 p. 2d 545. On September 29, 2011, J. Clark denied Coffelt's petition to remove this particular condition of parole. Evidence of Coffelt's petition is attached as Exhibit B, form CDCR 22.

27. Defendant, T. Baker is a parole agent supervisor for CDC. Coffelt believes that between about March 1, 2010 to present, T. Baker is J. Clark's supervisor.

28. On October 21, 2011, T. Baker's office is adjacent to J. Clark's office. Each office has only one entrance. The entrance to both of these offices open to the same hallway. The hallway is about three feet wide. T. Baker's desk is about twenty feet distance from J. Clark's desk.

29. Between March 2008 to about March 2010, Weber occupied J. Clark's desk described in paragraph 28, of this complaint. Coffelt believes T. Baker was Weber's supervisor between about March 2008 to April 2010. Therefore, T. Baker was explicitly apprised, or should have been apprised of Weber's actions set forth herein. T. Baker should have known that Weber allowed Coffelt to have possession of Coffelt's computer for more than twelve consecutive months.

30. On October 16, 2010, T. Baker was explicitly apprised, or should have been apprised of Clark's Action. On October 16,

6
(Complaint)

2010, T. Baker should have known that Clark's Action occurred with No prior notice to Coffelt. T. Baker did Not give Coffelt any prior notice of Clark's Action.

31. On October 21, 2011, T. Baker and Coffelt held a meeting in T. Baker's office in regard to Coffelt's written petition (CDCR 22 re: Clark's Action, Exhibit B). On October 21, 2011, at this meeting, T. Baker denied Coffelt's petition to remove the particular condition of parole imposed by Clark's Action. Therefore, on October 21, 2011, at 1777 Atlanta Ave., Suite G3, Riverside, CA 92507, in T. Baker's office, T. Baker explicitly ratified Clark's Action. T. Baker explicitly ratified that J. Clark should impose the restriction on Coffelt.

32. On October 21, 2011, at this meeting with T. Baker, Coffelt verbally repeated all pertinent facts pertaining to Cofflet's computer set forth herein; and Coffelt verbally repeated that Coffelt is working on a United States Application for Patent.

FIRST CAUSE OF ACTION

(VIOLATION OF CIVIL RIGHTS)

33. Plaintiff replead and reallege paragraphs 1 through 32, inclusive, of this complaint, and they are incorporated by this reference.

34. Prior to October 16, 2010, Coffelt had possession and access of Coffelt's computer for more than 12(twelve) consecutive months.

35. Prior to October 16, 2010, for more than 12(twelve) consecutive months, parole agent Weber allowed Coffelt to have possession and access of Coffelt's computer.

7

(Complaint)

1   36. Then, suddenly, and without any prior notice, on

2   October 16, 2010, Clark's Action caused Coffelt to lose

3   possession of Coffelt's computer. Coffelt was not given any

4   prior notice of Clark's Action.

5   37. In Fuentes v. Shevin, 407 US 67, 32 L Ed 2d 556, 92 S

6   Ct 1883, the Court stated:

7   38. "The procedural due process right to notice and a

8   hearing before deprivation of property must be granted at a

9   time when the deprivation can still be prevented; no later

10   hearing and no damage award can undo the fact that the

11   arbitrary taking that was subject to the right of procedural

12   due process has already occurred."

13   39. Furthermore, the Court stated:

14   40. "The central meaning of procedural due process is that

15   parties whose rights are to be affected are entitled to be

16   heard; and in order that they may enjoy that right, they must

17   be notified."

18   41. Furthermore, the Court stated:

19   42. "With regard to the applicability of the due process

20   requirement of a hearing prior to deprivation of property to

21   a states prejudgement replevin statutes authorizing summary

22   seizure of goods, it is immaterial that the deprivation of the

23   property upon replevin may be only temporary in view of the

24   possessor's statutory right to post a recovery bond within 3

25   days after seizure. ... A temporary, non-final deprivation of

26   property is a "deprivation" in the terms of the Fourteenth

27   Amendment."

28   43. The precedence set forth herein in paragraphs 38, and 40

8

(Complaint)

of this complaint, is pertinent to this case in that, Coffelt was Not given any notice prior to Clark's Action.

44. The precedence set forth herein in paragraph 42, of this complaint, is pertinent to this case in that, while Coffelt may regain possession of Coffelt's computer after completion of parole, a temporary, non-final deprivation is "deprivation" in the terms of the Fourteenth Amendment.

45. Furthermore, in Fuentes v. Shevin, the Court stated:

46. "Outright seizure of property is not the only kind of deprivation that must be preceded by a prior hearing required under due process."

47. The precedence set forth herein in paragraph 46, of this complaint, is pertinent to this case in that, J. Clark did not outright seize Coffelt's computer. However, J. Clark did cause Coffelt to lose possession of Coffelt's computer.

48. There is no lawful basis for Clark's Action. There is no evidence that a CDC supervisor compelled Clark's Action. There is no evidence that any CDC rule compelled Clark's Action. There is no particular evidence that compelled Clark's Action.

SECOND CAUSE OF ACTION

(VIOLATION OF CIVIL RIGHTS)

49. Plaintiff replead and reallege paragraphs 1 through 48, inclusive, of this complaint, and they are incorporated by this reference.

50. T. Baker is J. Clark's immediate supervisor. T. Baker's desk is in the same building with J. Clark's desk. T. Baker's office has only one entrance. J. Clark's office has only one

9
(Complaint)

1  entrance. Both of these entrance open to the same hallway.
2  This hallway is about three feet wide. T. Baker's desk is
3  about twenty feet distance from J. Clark's desk.

4    51. T. Baker was Weber's immediate supervisor. Weber
5  previously occupied J. Clark's present desk. T. Baker was
6  explicitly apprised of Weber's actions set forth herein, or
7  T. Baker should have been apprised of Weber's actions set forth
8  herein.

9    52. On October 16, 2010, T. Baker was explicitly apprised of
10  J. Clark's Action, or T. Baker should have been apprised of
11  Clark's Action.

12    53. There is no evidence that T. Baker attempted to stop
13  Clark's Action. There is no evidence that T. Baker subsequently
14  attempted to reverse Clark's Action. On October 21, 2011, Baker
15  explicitly ratified Clark's Action.

16    54. In Farvour v. Geltis, 91 CA 2d 603; 205 P.2d 424, the
17  Court stated:

18    55. "As to the punitive damages against appellant Geltis it
19  is argued that there is no evidence that he directed or was
20  responsible for the removal of the windows. Conceding this, the
21  evidence that he lived in the same building, was given notice
22  to replace the windows on August 2 and did not in fact do so
23  until August 16, two weeks later and six days after action
24  filed, is overwhelming to support a finding of full
25  ratification. It shows a particularly heartless and aggravated
26  desire on his part to oppress and inconvenience his tenants
27  after notice clearly brought home to him of all the facts. It
28  is Hornbook law that a defendant may become liable for

punitive damages by subsequent ratification of the act of
another as well as by precedent direction of that act."

56. The basis set forth in paragraph 55, of this complaint
is pertinent to this case in that, like Farvour and Geltis,
T. Baker's office and J. Clark's office is in the same
building. Like Geltis, T. Baker was given notice by Coffelt
of Clark's unlawful act under state law. T. Baker's denial
of Coffelt's written petition shows T. Baker's explicit
ratification of Clark's Action.

## RELATED CASE

57. Coffelt is presently the Plaintiff in case No.
ED CV 12-37 RGK(MRW), Defendant, California Department of
Corrections. The issues in ED CV 12-37 RGK(MRW) are similar
to the issues in this case.

## INJURIES

58. Plaintiff replead and reallege paragraphs 1 through 57,
inclusive, of this complaint, and they are incorporated by
this reference.

59. Between March 2008 to present, Coffelt has diligently
made efforts to create profitable self-employment.

60. On about May, 2009, Coffelt published a 576 page
paper-back book titled ("Patent: iginte self genius").

61. On about June, 2009, Coffelt created software titled
("Wordanalysis").

62. On about June, 2009, Coffelt mailed a letter in regard
to Coffelt's Wordanalysis software to about 40(forty)
Attorneys. Several of these letters were returned as not
deliverable.

63. On about September, 2009, Coffelt's book Patent: ignite self genius was made available for sale on Barnes & Noble website.

64. On about January, 2010, Coffelt created software titled ("Color and Color for Attorneys").

65. On August 22, 2011, Coffelt filed a United States Application for Patent for Coffelt's invention titled ("Method for Deriving Pixel Color Using Steradians").

66. Paragraphs 60, 61, and 64, of this complaint, describe Coffelt's Literary Work intellectual property, as provided under Title 17 U.S.C. § 201.

67. Paragraph 65, of this complaint, describe Coffelt's intellectual property, as provided under Title 35 U.S.C. § 261. A United States Application for Patent is property, which may be sold, or rights licensed.

68. Evidence of Coffelt's Application for Patent, and efforts toward self-employment is attached in Exhibit C. Exhibit C contains a filing receipt from United States Patent and Trademark Office; and an email to Verizon Wireless re: prospective business agreements re: Coffelt's invention.

69. A FIRST INJURY to Coffelt comprises: Clark's Action, in both her official capacity and individual capacity, has imposed a complete barrier which prevents Coffelt from making efforts to obtain income through Coffelt's intellectual property.

70. A SECOND INJURY to Coffelt comprises: Clark's Action, in both her official capacity and individual capacity, has imposed a complete barrier which prevents Coffelt from

12
(Complaint)

1   making improvements to Coffelt's intellectual property.

2   71. A THIRD INJURY to Coffelt comprises: T. Baker's explicit

3   oppressive actions set forth herein, in both her official

4   capacity and individual capacity, has imposed a complete

5   barrier which prevents Coffelt from making efforts to obtain

6   income through Coffelt's intellectual property.

7   72. A FOURTH INJURY to Coffelt comprises: T. Baker's

8   explicit oppressive actions set forth herein, in both her

9   official capacity and individual capacity, has imposed a

10  complete barrier which prevents Coffelt from making

11  improvements to Coffelt's intellectual property.

12  73. A FIFTH INJURY to Coffelt comprises: Coffelt has

13  executed more than 300(three hundred) hours executing legal

14  research, and preparing legal documents pertaining to Clark's

15  Action and T. Bakers actions.

16  74. Coffelt incurred about $ 200.00 (two hundred dollars)

17  in various expenses pertaining to Clark's Action and T. Baker's

18  actions.

19                              CONCLUSION

20  75. Plaintiff replead and reallege paragraphs 1 through 74,

21  inclusive, of this complaint, and they are incorporated by

22  this reference.

23  76. For the reasons set forth herein, it is clear that

24  J. Clark, in both her official capacity and individual

25  capacity, has violated Coffelt's Civil Right to due process

26  under the Fourteenth Amendment of the Constitution of the

27  United States of America. J. Clark, in both her official

28  capacity and individual capacity, caused Coffelt to lose

                                13
                            (Complaint)

1 possession of Coffelt's computer without due process under

2 the Fourteenth Amendment of the Constitution of the United

3 States of America.

4    77. For the reasons set forth herein, it is clear that

5 T. Baker, in both her official capacity and individual

6 capacity, explicitly or inherently violated Coffelt's Civil

7 Right to due process under the Fourteenth Amendment of the

8 Constitution of the United States of America. T. Baker, in both

9 her official capacity and individual capacity, explicitly or

10 inherently caused Coffelt to lose possession of Coffelt's

11 computer without due process under the Fourteenth Amendment of

12 the Constitution of the United States of America.

13    78. These injuries to Coffelt set forth herein were clearly

14 caused by J. Clark's intentional actions, in both her official

15 capacity and individual capacity, with complete disregard for

16 Coffelt's Civil Rights provided under the Fourteenth

17 Amendment of the Constitution of the United States of America.

18    79. These injuries to Coffelt set forth herein were clearly

19 caused by T. Baker's intentional oppressive actions, in both

20 her official capacity and individual capacity, with complete

21 disregard for Coffelt's Civil Rights provided under the

22 Fourteenth Amendment of the Constitution of the United States

23 of America.

24                   RELIEF

25    80. WHEREFORE, Plaintiff, Coffelt requests that:

26    81. The Court order J. Clark to pay Coffelt punitive

27 damages in the amount of $ 30,000.00 (thirty thousand dollars).

28    82. The Court order J. Clark to pay Coffelt compensatory

EXHIBIT A

**Invoice Number:** E606920044

| | |
|---|---|
| **FID Number:** | 74-2616805 |
| **Sales Rep:** | ISAIAS DEL CID |
| **For Sales:** | (800) 474 - 3355 |
| **Sales Fax:** | |
| **Customer Service:** | (800) 624 - 9897 |
| **Technical support:** | (800) 624 - 9896 |
| **Dell Online:** | www.dell.com |

**SOLD TO:**
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

| | |
|---|---|
| **Customer Number:** | 57342463 |
| **Purchase Order:** | |
| **Order Number:** | 363832298 |
| **Order Date:** | 05/10/05 |

19 01 V 01 01 N

| | |
|---|---|
| **Invoice Date:** | 05/13/05 |
| **Payment Terms:** | VISA |
| **Shipped Via:** | UPS COMMERCIAL |
| **Waybill Number:** | E76464426542644 |

**SHIP TO:**
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

| Ordered | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|---|
| 1 | 1 | 221-3165 | Dimension 2400 Series,Intel Celeron Processor at 2.4GHz | EA | 457.00 | 457.00 |
| 1 | | 311-5010 | 256MB DDR SDRAM at 400MHz | EA | | |
| 1 | | 310-1582 | Dell Quiet Key Keyboard | EA | | |
| 1 | | 310-1871 | Dell 2-button Scroll Mouse | EA | | |
| 1 | | 320-4800 | 17IN (16.0IN V/8)E773c Monitor , Midnight Grey,Dimension | EA | | |
| 1 | | 430-3600 | Integrated Intel 3D AGP Graphics | EA | | |
| 1 | | 340-3274 | 80GB 7200 RPM Ultra ATA Hard Drive | EA | | |
| 1 | | 340-8686 | No Floppy Drive Requested | EA | | |
| 1 | | 412-0721 | Dimension Dell Support | EA | | |
| 1 | | 412-0588 | Image Restore | EA | | |
| 1 | | 420-4834 | Microsoft Windows XP Home Edition,Service Pack 2,English | EA | | |
| 1 | | 420-4027 | Windows Media Player 10 | EA | | |
| 1 | | 463-2282 | Dell Owners Manual installed on your system,click on icon after system set-up to access | EA | | |
| 1 | | 310-5678 | Mouse included with Keyboard purchase | EA | | |
| 1 | | 430-0441 | Integrated 10/100 Ethernet | EA | | |

| | | | | | | 10.0 |
|---|---|---|---|---|---|---|
| | | | | | $ | 457.0 |
| | | | | | $ | 38.5 |
| | | | | | $ | 8.0 |
| | | | | $ | 497.04 | 43.5 |
| | | | | | $ | 43.5 |
| | | | | | $ | |

FOR SHIPMENTS TO CALIFORNIA, A STATE ENVIRONMENTAL FEE UP TO $10 PER ITEM WILL B
E ADDED TO INVOICES FOR ALL ORDERS CONTAINING A DISPLAY GREATER THAN 4 INCHES.D
ELL CATALOG SALES AND GLOBAL PRODUCTS COLLECT TAX:CA,FL,ID,IL,KY, MI,MN,MO,NJ
,NV,OH,OK,PA,TN,TX,VA,WA,WI. ADDTL STATES APPLY ONLY TO 3RD PRTY SMC CONTRACTS.
BUYER-RESPONSIBLE FOR REMIT ADDTL TAX TO TAX AUTHORITIES.

Page ...

This is your ACKNOWLEDGEMENT

| FID Number: | 74-381805 |
| Sales Rep: | ISAIAS DEL CID |
| For Sales: | (800) 474 - 3355 |
| Sales Fax: | |
| Customer Service: | (800) 624 - 9897 |
| Technical support: | (800) 624 - 9896 |
| Dell Online: | www.dell.com |

| Customer Number: | 57342483 |
| Purchase Order: | |
| Order Number: | 353532226 |
| Order Date: | 05/10/05 |

19 01 V 01 01 N

| Invoice Number: | ER0R20044 |
| Invoice Date: | 05/13/05 |
| Payment Terms: | VISA |
| Shipped Via: | UPS COMMERCIAL |
| Waybill Number: | E7464426544045 |

SOLD TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

SHIP TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

| Ordered | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|---|
| 1 | 1 | 463-3761 | 56K PCI Data Fax Modem | EA | - | - |
| | | 412-0705 | Adobe Acrobat Reader 6.0 | EA | | |
| | | 463-5005 | 48X Max CD-RW Drive | EA | | |
| | | 462-7826 | Info,48X CDRW | EA | | |
| | | 313-0547 | Integrated ADI 1885 Audio | EA | | |
| | | 313-2198 | No Speaker Requested | EA | | |
| | | 412-0801 | No Security Subscription | EA | | |
| | | 412-0741 | Music Match 8.0 Basic 7 day OnDemand | EA | | |
| | | 412-0744 | Paint Shop Photo Album 5.1 Standard | EA | | |
| | | 412-0585 | AOL DHS | EA | | |
| | | 412-0625 | Dellnig Vissy Home Page | EA | | |
| | | 420-3224 | Broadband Icon for Inspiron | EA | | |
| | | 412-0887 | NETZERO ISP | EA | | |
| | | 412-0449 | Microsoft Office 2003 Basic Edition,Dimension,DHS | EA | | |
| 1 | 1 | 900-3361 | *No Warranty After 90 Days | EA | - | - |

17
(Complaint)

This is your ACKNOWLEDGEMENT

**FID Number:** 74-2816805
**Sales Rep:** ISAIAS DEL CID
**For Sales:** (800) 474 - 3355
**Sales Fax:**
**Customer Service:** (800) 624 - 9897
**Technical support:** (800) 624 - 9896
**Dell Online:** www.dell.com

**SOLD TO:**
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

**Customer Number:** 573-C3463
**Purchase Order:**
**Order Number:** 383632298
**Order Date:** 05/10/05

19 01 V 01 01 N

**Invoice Number:** B50992044

**Invoice Date:** 05/13/05
**Payment Terms:** VISA
**Shipped Via:** UPS COMMERCIAL
**Waybill Number:** EYIA644285440446

**SHIP TO:**
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

| Ordered | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|---|
| 1 | 1 | 902-7990 | *Type 3 - Third Party At Home Service, 24x7 Technical Support, 90 Days | EA | | |
| 1 | 1 | 412-0380 | Soft Contracts - Bandac | EA | | |
| 1 | 1 | 980-5460 | *Technical Support, 90 Days | EA | | |
| 1 | 1 | 463-0374 | Thank you for choosing Dell | EA | | |
| 1 | 1 | 412-0749 | Dell Media Experience 2.0 Basic | EA | | |
| 1 | 1 | 420-5139 | Quickbooks 2005 Special Simple Start Edition | EA | | |
| | | System Service Tags | 55690J71 DISCOUNT/COUPON APPLIED | | | |

Page

This is your ACKNOWLEDGEMENT

| | |
|---|---|
| Invoice Number: | XCJX7RJR9 |
| Invoice Date: | 03/2008 |
| Payment Terms: | MASTER CARD |
| Shipped Via: | LTL |
| Waybill Number: | 50791203662 |

| | |
|---|---|
| Customer Number: | 57342453 |
| Purchase Order: | |
| Order Number: | 200794670 |
| Order Date: | 03/2008 |

19 01 M 01 01 N

SHIP TO:
LOUIS COFFELT
COFFELT JR LOUIS
5297 MARTIN ST
MIRA LOMA, CA 91752

| | |
|---|---|
| O Number: | 74-2816806 |
| Sales Rep: | L SINGH |
| For Sales: | (800) 915 - 3355 |
| Sales Fax: | (00) - |
| Service: | (800) 624 - 9897 |
| Support: | (800) 624 - 9896 |
| ail Online: | www.dell.com |

SOLD TO:
LOUIS COFFELT
COFFELT JR LOUIS
5.  ..TIN ST
..  IA, CA 91752

| Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|
| A0243035 | 80 GB 7200 RPM Caviar WD800BB EIDE Internal Hard Drive. | EA | 49.99 | 49.99 |

19
(Complaint)

EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print)   (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| COFFELT | Louis | V99665 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): parole condition |
|---|---|---|---|

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: ACTION REQUESTED: Remove parole which restricts posession of a computer. REASON FOR REQUEST: (a.) A computer is needed to complete particular software. (b.) Finacial income will be attained by this particular software. BASIS FOR REQUEST: (a.) Case law of Dominguez Lent. (b.) A United States Application for Patent was filed for this particular software on August 22, 2011.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: ___/___/___
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: J CLARK | DATE: 9.29.11 | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: J CLARK | DATE: 9.29.11 | SIGNATURE: | DATE RETURNED: 9.29.11 |
|---|---|---|---|

Denied. Due to present conviction of PC288(A) child molesting. During the commission of your present conviction according to police report you were seen and/or admitted to having child pornography via your computer. This aforementioned information warrants a condition

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL GOLDENROD COPY.

There is not factual lawful basis for the parole condition which restricts posession of a computer. Case law of People v. Lent and People v. Dominguez 15 C.3d 481; 124 Cal.Rptr. 905, 541 P.2d 545 is a clear basis that this parole condition mus be removed.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): T Baker | DATE: | SIGNATURE: | DATE RETURNED: 10/21/11 |
|---|---|---|---|

On 10/21/11 at 1450 hours you were interviewed by [illegible]

20
(Complaint)

EXHIBIT C



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 13/199,201 | 08/22/2011 | 2628 | 690 | GFX1133 | 4 | 1 |

**CONFIRMATION NO. 3955**

Louis A. Coffelt, Jr.
5297 Martin Street
Mira Loma, CA 91752

**UPDATED FILING RECEIPT**

OC000000051484910

Date Mailed: 12/15/2011

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Applicant(s)**

Louis Arthur Coffelt JR., Perris, CA;

**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**

**Foreign Applications** (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)

Permission to Access - A proper **Authorization to Permit Access to Application by Participating Offices** (PTO/SB/39 or its equivalent) has been received by the USPTO.

**If Required, Foreign Filing License Granted:** 09/06/2011

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 13/199,201**

**Projected Publication Date:** 02/28/2013

**Non-Publication Request:** No

**Early Publication Request:** No
**** SMALL ENTITY ****

**Title**

Method for deriving pixel color using steradians

**Preliminary Class**

345

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process simplifies the filing of patent applications on the same invention in member countries, but does not result in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

## LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as

**Staples Copy Center #1342**

| | | |
|---|---|---|
| **From:** | Lacoffelt [lacoffelt@gmail.com] | **Sent:** Wed 2/1/2012 8:55 PM |
| **To:** | Staples Copy Center #1342 | |
| **Cc:** | | |
| **Subject:** | Fwd: New 3-D Graphics (Methods Press) | |
| **Attachments:** | | |

Sent from my iPhone

Begin forwarded message:

> **From:** L C <lacoffelt@gmail.com>
> **Date:** December 10, 2011 1:30:10 AM CST
> **To:** Matthew.Dziewicki@verizonwireless.com
> **Subject: New 3-D Graphics (Methods Press)**
>
> Verizon wi*reless,*
> *Here is the next generation of 3-D graphics.* Exciting new effects will transform mobile graphics into an awesome reality. Mirror images, highlights, and shadows are now like never before. A US application for patent was filed in August 2011 for a fundamental element of the graphics. My intentions are to retain all patent rights, and explore possible license to pertinent rights. Furthermore, I can teach Verizon Engineers methods of this software under contract.  e.g. Verizon pays a salary prior to issue of a patent, then Verizon pays royalties if a patent issues. If you would like to discuss potential agreements in regard to this, please reply to Louis A. Coffelt , Jr, Methods Press (Owner) @ lacoffelt@gmail.com
>
> --
> Best regards, Louis A. Coffelt Jr.
> Phone: (951) 790-6086
> lacoffelt@gmail.com

## Staples Copy Center #1342

| | | |
|---|---|---|
| **From:** | Lacoffelt [lacoffelt@gmail.com] | **Sent:** Wed 2/1/2012 8:54 PM |
| **To:** | Staples Copy Center #1342 | |
| **Cc:** | | |
| **Subject:** | Fwd: New 3-D Graphics (Methods Press) | |
| **Attachments:** | | |

Sent from my iPhone

Begin forwarded message:

> **From:** L C <lacoffelt@gmail.com>
> **Date:** December 10, 2011 1:40:39 AM CST
> **To:** Matthew.Dziewicki@verizonwireless.com
> **Subject: New 3-D Graphics (Methods Press)**
>
> Hi Matt,
> Thank you for your assistance regarding my 3-D graphics. Please send the letter to an appropriate Verizon Executive or Associate. Thank you again.
>
> -
> Best regards,
> Louis A. Coffelt, Jr,
> Phone (951) 790-6086
> lacoffelt@gmail.com