1
2
3
4
5
6
7
8
9       UNITED STATES DISTRICT COURT
10      CENTRAL DISTRICT OF CALIFORNIA
11

12  LOUIS A. COFFELT, JR.,                )  Case No.  ED CV 12-37 RGK (MRW)
                                          )
13              Plaintiff,                )
                                          )
14        v.                              )  REPORT AND RECOMMENDATION
                                          )  OF UNITED STATES MAGISTRATE
15  CALIFORNIA DEPARTMENT OF              )  JUDGE
    CORRECTIONS, et al.,                  )
16                                        )
                Defendants.               )
17  _____      )

18

19        This Report and Recommendation is submitted to the Honorable

20  R. Gary Klausner, United States District Judge, pursuant to 28 U.S.C. § 636 and

21  General Order 05-07 of the United States District Court for the Central District of

22  California.

23  **I.      SUMMARY OF RECOMMENDATION**

24        Plaintiff is a state parolee.  He filed a federal civil rights complaint against

25  his parole agents alleging that they illegally deprived him from keeping his

26  personal computer.  Plaintiff previously pursued relief against the parole agents via

27  several state habeas actions; the state courts denied Plaintiff relief.

28

1    Under settled authority, Plaintiff's federal civil action is barred by the

2  principle of res judicata.  The Court therefore recommends that Plaintiff's civil

3  rights action be dismissed with prejudice under Rule 12.

4  **II.    FACTS AND PROCEDURAL HISTORY**

5    According to the Second Amended Complaint in this action, Plaintiff was

6  convicted of committing a lewd act upon a child under 14 years of age.

7  (Docket # 12 at 3.)  In March 2008, a state parole board imposed a parole condition

8  that Plaintiff "not use the Internet" and "not have access to the Internet."  (Id.)

9  Before 2010, Plaintiff owned a personal computer without apparent complaint

10 from the parole agent supervising him.  Plaintiff contends that the computer was

11 not capable of accessing the Internet.

12   Plaintiff was incarcerated in 2010 for a parole violation not described in the

13 pleadings.  After he was released, Plaintiff's new parole agent (Defendant Clark)

14 told Plaintiff that Plaintiff could not keep the personal computer.  (Id. at 4-5.)

15 Clark repeated this instruction in 2011.  (Id. at 5.)  Plaintiff protested the decision

16 to Clark and Clark's supervisor (Defendant Baker).  Plaintiff requested that his

17 computer access condition be removed.  The parole agents denied the requests.

18 (Id. at 6.)  Plaintiff also unsuccessfully appealed the imposition of the condition to

19 the state Department of Corrections.

20   **A.    State Court Proceedings**

21   Plaintiff subsequently sought relief in state court.  Plaintiff filed a petition

22 for a writ of habeas corpus in the state superior court.  (Docket # 3 at 6.)[1]  The

23 habeas petition (nominally filed against the California Department of Corrections,

24 Division of Adult Parole Operations) identified parole agents Clark and Baker as

25

26     [1]    Plaintiff did not plead facts regarding his state habeas actions in the
   Second Amended Complaint.  However, he set forth those facts in his original
27 complaint and other amended versions of the pleading.

28

the individuals involved in the decision to preclude Plaintiff from possessing a computer.[2]  (Docket # 44 at 8.)  The court denied the writ by minute order.  The order stated that the court, "having read and considered the petition for writ of habeas corpus," denied the request "because the petition fails to state a prima facie factual case supporting Petitioner's [release and] makes assertions regarding the applicable law that are contrary to e[s]tablished California case decisions."  (Id. at 5.)  Plaintiff filed habeas actions in the state appellate and supreme courts in short order; both were denied without comment.  (Docket # 28 at 6; # 44 at 17.)

### B.   Federal Court Proceedings

Plaintiff filed a federal civil rights action in this Court in early 2012. (Docket # 3.)  The action originally named the California Department of Corrections as the sole defendant, although Clark and Baker were identified by name in the complaint.  Plaintiff alleged that the agency denied his Fourteenth Amendment due process right by prohibiting him from possessing his personal computer.  (Id. at 7-9.)  The Court screened the complaint and ordered the Marshals Service to serve it on Plaintiff's behalf.  (Docket # 6-7.)  However, shortly afterward, Plaintiff filed a First Amended Complaint that added more factual allegations regarding the case.  (Docket # 9.)  The Court permitted Plaintiff to file and serve the First Amended Complaint.

Plaintiff then filed his Second Amended Complaint naming Clark and Baker as individual defendants.  (Docket # 12.)  Plaintiff offered no explanation for the

---

[2]      The Court grants Defendants' request that it take judicial notice of the state habeas petitions and the court rulings.  (Docket # 44.)

1  repeated amendments to the civil complaint.[3]  All three complaints raised the same

2  due process challenge regarding his personal computer.  The complaints sought a

3  variety of civil relief – damages, injunctive awards, etc. – and asserted that Plaintiff

4  used his computer to write a book and to develop patented software.  (Docket # 12

5  at 11-12.)  The Court permitted the Second Amended Complaint to be filed, but

6  ordered that the document not be served until the CDC appeared in the action.

7  (Docket # 11.)

8      The CDC moved to dismiss the First Amended Complaint.  (Docket # 21.)

9  While that motion was pending, Plaintiff filed his Third Amended Complaint.

10  (Docket # 28.)  Plaintiff also sought leave to pursue a Fourth Amended Complaint

11  against the parties.  (Docket # 33-34.)  Because of the insignificant variations

12  between the pleadings and the pendency of the defense dismissal motion, the Court

13  declined to allow Plaintiff to proceed with those new complaints.  Also, after a

14  telephonic hearing with the parties, Plaintiff dismissed the CDC and agreed to

15  pursue his action only against the individual defendants.  (Docket # 36.)

16      As a result, the operative pleading against Defendants Clark and Baker is the

17  Second Amended Complaint (that is, the third of the five that Plaintiff submitted to

18  the Court).  Defendants moved to dismiss the action on a variety of legal grounds.

19  (Docket # 43.)  The Court gave Plaintiff notice of the meaning and consequences

20  of the dismissal motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th

21  Cir. 2003), and Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).  (Docket # 45.)

22

23

24

25

26      [3]    Plaintiff's Second Amended Complaint was filed under a new federal

27  case number.  To avoid confusion, the Court ordered the matters consolidated

28  under a single case number.  (Docket # 11.)

4

1    **III.     DISCUSSION**

2         **A.     Legal Standard for Motion to Dismiss Complaint**

3         A motion to dismiss tests the sufficiency of the complaint.  A complaint may

4    be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

5    claim based on the lack of a cognizable legal theory or the absence of facts alleged

6    under such a theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

7    Cir. 1990).  A complaint need not plead detailed factual allegations, but the

8    complaint must contain enough facts to establish a plausible entitlement to relief

9    that is more than merely speculative.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

10   A pleading will be rejected if it offers labels, conclusions, or a formulaic recitation

11   of the elements of a cause of action.  Id.

12        The Court construes the complaint of a pro se party liberally.  Barrett v.

13   Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008).  Additionally, the Court accepts

14   Plaintiff's factual allegations as true and views all inferences in a light most

15   favorable to Plaintiff.  Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir.

16   2001).  Generally, the Court considers only the complaint and any exhibits to the

17   complaint when deciding a motion to dismiss.  Cooper v. Pickett, 137 F.3d 616,

18   622 (9th Cir. 1997).  However, a court may, with appropriate notice to a pro se

19   plaintiff, take judicial notice of additional facts to be considered in ruling on

20   certain dismissal motions.  Stratton v. Buck, ___ F.3d ___, 2012 WL 4094937 (9th

21   Cir. Sept. 19, 2012).

22        **B.     Plaintiff's Civil Rights Claim is Barred by Res Judicata**

23        Defendants argue that Plaintiff's federal civil action is barred by the doctrine

24   of res judicata.  Res judicata (a Latin phrase meaning "the thing adjudicated" or

25   "ruled upon") prohibits a successive lawsuit based on facts that "were raised or

26   could have been raised in a prior action."  Stewart v. U.S. Bancorp, 297 F.3d 953,

27   956 (9th Cir. 2002) (quotation and emphasis omitted).  The doctrine applies where

28

5

1    there is "(1) an identity of claims; (2) a final judgment on the merits; and (3)

2    identity or privity between parties." Id.  A party may raise a defense of res judicata

3    by Rule 12(b)(6) motion.  Schwarzer, Tashima, & Wagstaffe, Federal Civil

4    Procedure Before Trial, ¶ 9:212.16 (The Rutter Group 2011).

5            Res judicata may be asserted as an affirmative defense to a federal civil

6    rights action brought after state habeas actions addressing the same issue.  A

7    federal court should apply the res judicata bar "to preclude an identical issue from

8    being relitigated in a subsequent § 1983 action if the state habeas court afforded a

9    full and fair opportunity for the issue to be heard and determined under federal

10   standards."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981);

11   see also McMillian v. Terhune, CV 10-2088 AG (FFM), 2011 WL 2669157 (C.D.

12   Cal. Mar. 30, 2011) ("habeas proceedings can have preclusive effect in subsequent

13   civil rights actions"); McCoy v. Ponder, No. C 09–4768 SI (PR), 2011 WL

14   3878374 (N.D. Cal. Sept. 1, 2011) (same); Colon v. Sullivan, No. CV 07-1023-

15   AWI-GBC PC, 2010 WL 4623937 (E.D. Cal. Nov. 4, 2010) (same).[4]

16           Plaintiff's federal civil action is indistinguishable from his previous state

17   court habeas actions.  Plaintiff's federal civil claim – that his parole agents

18   improperly determined that he cannot have a personal computer while on parole for

19   his sex crime conviction – is identical to the claim he asserted in his habeas actions

20   _____

21           [4]     In his opposition papers (Docket # 47, 49), Plaintiff repeatedly

22   contends that Defendants failed to "explain how this civil rights action is
     equivalent" to the various authorities cited in the dismissal motion.  He therefore

23   contends that Defendants' position "is a conclusion with no supporting evidence."

24   (Docket # 47 at 4-6.)  Plaintiff's argument is insufficient to contradict the defense
     motion.  There is ample legal authority requiring this Court to conduct a

25   preliminary assessment of the legal viability of Plaintiff's cause of action before –

26   and, perhaps, instead of – reaching a substantive evaluation of his claim based on

27   the contention that the case must be dismissed on res judicata grounds.

28

                                                6

1   (Stewart factor # 1).  Throughout his state habeas actions, Plaintiff sought relief

2   from the parole agents' decision that he could not possess his personal computer

3   while on supervision.  See, e.g., (Docket # 44 at 8 (superior court petition); 25, 29-

4   30 (court of appeal petition and memorandum).)  That claim forms the basis for his

5   civil rights action.  Plaintiff expressly states in the Second Amended Complaint

6   that "the issues in this complaint arise from the unlawful and arbitrary actions of

7   two California Department of Corrections parole agents" who "restricted [Plaintiff]

8   from having possession and access of the same Plaintiff's computer."  (Docket

9   # 12 at 2.)  Even though Plaintiff purports to seek different relief in this Court for

10  the alleged violations of his rights, the facts underlying his claims and the

11  argument that the agents' actions violated the Constitution are identical for res

12  judicata purposes.

13      Additionally, the named defendants (parole agents Clark and Baker) are in

14  privity with the named party (the CDC, which is their employer and the agency

15  administering state parole regulations) in the state habeas actions (Stewart factor

16  # 3).  When two parties are "so closely aligned in interest that one is the virtual

17  representative of the other, a claim by or against one will serve to bar the same

18  claim by or against the other."  Nordhorn v. Ladish Co., 9 F.3d 1402, 1405 (9th

19  Cir. 1993); see also Grindling v. Martone, Civ. No. 12-361 LEK/BMK, 2012 WL

20  3776491 (D. Hi. Aug. 29, 2002) (privity exists between defendant-prison officials

21  and correctional center employing them that was named in prior action); Matthews

22  v. Nevada, CV 08-387-LRH-RAM, 2009 WL 3111762 (D. Nev. Sept. 22, 2009)

23  (same).

24      Finally, the superior court minute order denying Plaintiff's initial habeas

25  petition was a final decision on the merits of his claim (Stewart factor # 2).  It does

26  not appear from the docket of the state court action that the state agency was

27  required to respond to the petition or that the court conducted an evidentiary

28

7

1  hearing.  Nevertheless, as a matter of California law, the dismissal of an action for

2  a failure to state facts sufficient to establish a cause of action "is a judgment on the

3  merits" that bars a future action asserting the same claim.  <u>Kanarek v. Bugliosi</u>, 108

4  Cal. App. 3d 327, 335 (1980); <u>Wooley v. Martel</u>, Civ S-09-1707 DAD, 2011 WL

5  350429 *5 (Feb. 2, 2011 E.D. Cal.) (collecting cases).  In the present action, the

6  superior court dismissed the habeas petition based on its affirmative finding that

7  Plaintiff failed to state a sufficient factual case to justify relief.  That decision is a

8  final one on the merits of the claim.[5]

9      Plaintiff asserts the identical claim in this federal civil action as the claim he

10  brought in three previous state habeas actions.  His claim involves essentially the

11  same parties – parole agents at the agency named in the habeas actions – and was

12  previously denied on the merits by the state courts.  Basic principles of res judicata

13  require this Court to respect the state court decision and decline to allow Plaintiff

14  to pursue the same claim in a different procedural guise.  Directly put, Plaintiff

15  cannot proceed in federal court with a claim that he brought and lost in his state

16  court.  Plaintiff fails to state a plausible cause of action in this Court because he

17

18

19

20

21

22  _____

23      [5]      Defendants do not expressly argue that the state appellate and
supreme courts' denials of the habeas petitions also constituted final decisions on
24  the merits of Plaintiff's claim.  The U.S. Supreme Court recently held that a "spare
order denying a [habeas] petition without explanation or citation ordinarily ranks
25  as a disposition on the merits" of the claim.  <u>Walker v. Martin</u>, ___ U.S. ___, 131
26  S. Ct. 1120, 1124 (2011).  However, given the clarity of the superior court's
actions here, the Court does not need to take up the effect of the subsequent state
27  court rulings.

28

8

1  cannot possibly obtain relief on his claim.  Under Rule 12, the action must be

2  dismissed.[6]

3  **IV.   <u>RECOMMENDATION</u>**

4          The Ninth Circuit cautions that <u>pro se</u> litigants should be given an

5  opportunity to amend a civil complaint unless it is clear that the deficiencies cannot

6  be overcome.  <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000).  In the present

7  action, Plaintiff submitted five proposed complaints – three that were filed, and

8  two additional ones that the Court declined to serve on the defense – that all

9  alleged the same factual predicate and cause of action.  Given the clarity of the

10 state court res judicata bar to recovery, the Court concludes that "there is no

11 cognizable avenue" for Plaintiff to litigate his complaint in federal court about the

12 parole agents' actions.  <u>Cato v. United States</u>, 70 F.3d 1103, 1111 (9th Cir. 1995).

---

17      [6]      Defendants asserted several other bases for dismissal (11th
   Amendment bar, no supervisory liability under 42 U.S.C. § 1983, etc.) that the
18 Court does not reach in ruling in this action.

20          However, the Court expressly rejects Defendants' contention that they
   are absolutely immune from civil lawsuit based on their involvement in the
21 imposition of parole conditions.  (Docket # 43 at 19.)  As the Court reads the
   complaint in the action, Defendant Clark's action related to an interpretation of the
22 pre-existing "no Internet" condition imposed by the parole board.  As a result, the
   Court cannot conclude at the pleading stage that the parole agent acted in a "quasi-
23 judicial function" – that is, acting "to grant, deny, or revoke parole" in an
   adjudicatory capacity – by applying that condition to Plaintiff's personal computer,
24 as opposed to acting in a law enforcement capacity to investigate a potential
25 violation.  <u>Cordell v. Tilton</u>, 515 F. Supp. 2d 1114, 1120-21 (S.D. Cal. 2007)
   (citing <u>Swift v. California</u>, 384 F.3d 1184 (9th Cir. 2004)).  If the latter, absolute
26 immunity from liability certainly does not apply here.

27

28

9

1    As a result, the Court recommends that the District Judge issue an order:

2    (a) accepting the findings and recommendations in the Report; and (b) dismissing

3    this action with prejudice and without further leave to amend.

4

5    DATED: October 2, 2012

6    _____

7    HON. MICHAEL R. WILNER
     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10